Kevin MacMurray Esq.,
MacMurray & Associates LLC
Two Center Plaza Suite 605
Boston MA 02108
(617) 742 8161
BBO# 558192

Attorney for Petitioner

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EDGAR FABRICIO AMAYA SANCHEZ, | ) | |
| | ) | |
| | ) | Case No. _____ |
| Petitioner-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PETITION FOR WRIT OF** |
| ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility; | ) ) | **HABEAS CORPUS** |
| DAVID WESLING, Acting Field Office Director; | ) | |
| TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; | ) ) | **ORAL ARGUMENT REQUESTED** |
| SIRCE OWEN, Acting Director, Executive Office For Immigration Review; | ) ) | |
| PAMELA BONDI, U.S. Attorney General; and KRISTI NOEM, U.S. Secretary of Homeland Security, | ) ) ) | expedited hearing requested |
| | ) | |
| Respondents-Defendants. | ) | |
| _____ | ) | |

**INTRODUCTION**

1. This petition for a writ of habeas corpus is being filed on behalf of Edgar Fabricio Amaya Sanchez seeking relief to remedy his unlawful detention. Mr. Amaya is currently detained at Plymouth County

Correctional Facility.  On or about September 11 2025 The Petitioner, Mr. Amaya Sanchez was detained without a warrant while on his way to work.

2. Currently the U.S. Department of Homeland Security ("DHS") and the U.S. Department of Justice ("DOJ") has reversed decades of settled immigration practice and denied all immigration bond hearings

3. Specifically, DHS and DOJ are misclassifying people arrested inside the United States. These people are generally subject to the detention provisions of 8 U.S.C. § 1226, which usually allow for release on bond and conditions during the pendency of immigration proceedings.

4. This misclassification is contrary to settled law and practice, and it is unlawfully premised solely upon the manner in which the person initially entered the country - in this case decades ago.

## PETITIONER'S FACTS

5. Petitioner Edgar Fabricio Amaya Sanchez resides in Massachusetts. Although Petitioner's detention is authorized, if at all, by 8 U.S.C. § 1226(a), which entitles him to a bond hearing, ICE is detaining him pursuant to 8 U.S.C. § 1225(b)(2) and, under Matter of Hurtado, will not provide him a bond hearing, instead requiring him to be held in no-bond detention.

6. Mr. Amaya Sanchez was born in El Salvador on March 7th 1991.  He came to escape gang violence. and entered without inspection in July 2009.  He was not detained at the border.

7. Mr. Amya Sanchez's a criminal record consists of 2 driving without a license charges 9 and 10 years old.   Mr. Amaya Sanchez is married to Maria Luisa Lopez Zepeda since September 17th 2019, and has lived at 7 Ferris Road, Lynn, MA  for the past seven years with his wife, daughter, and sister-in-law and her husband.  His U.S. citizen child Samantha Amay Lopez (DOB 11-09-17) suffers from an eating disorder and is seeing a nutritionist.  He has attended Most Holy Redeemer Church since 2020.

8.  U.S. Immigration and Customs Enforcement ("ICE") and/or other federal agents acting on ICE's behalf arrested Mr. Amya Sanchez in Massachusetts on or about September 11th, 2025.  The arrest occurred when ICE and/or other agents acting on ICE's behalf stopped a vehicle in

which Mr. Amya Sanchez was riding as a passenger. On information and belief, he had had no prior contact with immigration officials and was not a target of the arrest operation.

7. Mr. Guerrero Orellana is currently being held in ICE's custody in the District of Massachusetts pending full removal proceedings. On information and belief, Mr. Amya Sanchez is eligible for relief from removal, including cancellation of removal.

8. Mr. Amaya Sanchez requested but was denied a Bond hearing on September 25th 2025 when the Immigration Judge ruled she had no jurisdiction

9. DHS has served Petitioner with a Notice to Appear alleging that he was not previously admitted or paroled into the United States, and that he is present in the United States without immigration status.

10. Mr. Amya Sanchez is currently scheduled for a Master Calendar hearing before the immigration court in Chelmsford on October 9th 2025

11. As a person arrested inside the United States and held in civil immigration detention for pending removal proceedings, Petitioner is subject to detention, if at all, pursuant to 8 U.S.C. Case 1:25-cv-12664-PBS Document 10 Filed 09/22/25 Page 9 of 19 10 § 1226. See, e.g., Romero, 2025 WL 2403827, at *1, 8-13 (collecting cases). Petitioner lacks any criminal predicates that could subject him to mandatory detention under 8 U.S.C. § 1226(c) and is subject to detention, if at all, under 8 U.S.C. § 1226(a).

12. As a person detained under 8 U.S.C. § 1226(a), Petitioner must, upon his request, receive a bond hearing with strong procedural protections. See Hernandez-Lara, 10 F.4th at 41; Doe, 11 F.4th at 2; Brito, 22 F.4th at 256-57 (affirming class-wide declaratory judgment); 8 C.F.R. §§ 236.1(d), 1003.19(a)-(f).

13. Petitioner requests such a bond hearing.

14. Under Matter of Hurtado, however, the responsible administrative agency has predetermined that Petitioner will be denied a bond hearing, and the government is holding Petitioner under the purported authority of 8 U.S.C. § 1225(b)(2), under which Petitioner will not receive a bond hearing.

## JURISDICTION, VENUE, AND PARTIES

15. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I § 9, cl. 2 of the U.S. Constitution (Suspension Clause).

16. Venue is proper because Petitioner resides in Massachusetts and is detained in the District of Massachusetts. Respondent-Defendant ("Respondent") Wesling is located in this District and possesses Case 1:25-cv-12664-PBS Document 10 Filed 09/22/25 Page 10 of 19 11 day-to-day authority over the custody of Petitioner.

17. Petitioner resides in Massachusetts and is presently detained by ICE at the Plymouth County Correctional Facility.

18. Respondent Antone Moniz is the Superintendent of the Plymouth County Correctional Facility and is Petitioner's immediate custodian.

19. Respondent David Wesling is the Acting New England Field Office Director for U.S. Immigration and Customs Enforcement.

20. Respondent Todd Lyons is the Acting Director for U.S. Immigration and Customs Enforcement.

21. Respondent Sirce Owen is the Acting Director of EOIR and has ultimate responsibility for overseeing the operation of the immigration courts and the Board of Immigration Appeals, including bond proceedings.

22. Respondent Pamela Bondi is the Attorney General of the United States and administers the Department of Justice, including EOIR, the BIA, and the Immigration Courts.

23. Respondent Kristi Noem is the U.S. Secretary of Homeland Security and administers the Department of Homeland Security.

24. All respondents are named in their official capacities. One or more of the respondents is Petitioner's immediate custodian.

## CLAIMS FOR RELIEF
## COUNT ONE

### Violation of 8 U.S.C. § 1226(a) and Associated Regulations

25. Petitioner may be detained, if at all, pursuant to 8 U.S.C. § 1226(a).

26. Under § 1226(a) and its associated regulations, Petitioner is entitled to a bond hearing. See 8 C.F.R. §§ 236.1(d), 1236.1, 1003.19(a)-(f).

27. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

28. Petitioner's continuing detention is therefore unlawful.

## COUNT TWO

### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide Bond Hearing Under 8 U.S.C. § 1226(a))

29. Because Petitioner is subject to detention, if at all, under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment to the United States Constitution requires that they receive a bond hearing with strong procedural protections. See Hernandez-Lara, 10 F.4th at 41; Doe, 11 F.4th at 2; Brito, 22 F.4th at 256-57.

30. Petitioner has not been, and will not be, provided with a bond hearing as required by law.

31. Petitioner's continuing detention is therefore unlawful.

## COUNT THREE

### Violation of Fifth Amendment Right to Due Process
### (Failure to Provide an Individualized Hearing for Domestic Civil Detention)

32. The Fifth Amendment's Due Process Clause specifically forbids the Government to "deprive[]" any "person . . . of . . . liberty . . . without due process of law." U.S. Const. amend. Case 1:25-cv-12664-PBS Document 10 Filed 09/22/25 Page 14 of 19 15 V.

33. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693; cf. Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 139-40 (2020) (holding noncitizens' due process rights were limited where the person was not residing in the United States, but rather had been arrested 25 yards into U.S. territory, apparently moments after he crossed the border while he was still "on the threshold").

34. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Due Process Clause. Zadvydas, 533 U.S. 678 at (2001).

35. The Supreme Court, thus, "has repeatedly recognized that civil commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection," including an individualized detention hearing. Addington, 441 U.S. at 425; see also Salerno, 481 U.S. at 755; Foucha, 504 U.S. at 81-83; Hendricks, 521 U.S. at 357.

36. Petitioner will be held without being provided any individualized detention hearing.

37. Petitioner's continuing detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

## COUNT FOUR

### Violation of Fifth Amendment Right to Due Process
### (Substantive Due Process)

38. Because Petitioner is not being provided a bond hearing, the government is not taking any steps to effectuate its substantive obligation to ensure that immigration detention bears a "reasonable relation" to the purposes of immigration detention (i.e., Case 1:25-cv-12664-PBS Document 10 Filed 09/22/25 Page 15 of 19 16 the prevention of flight and danger to the

community during the pendency of removal proceedings) and is not impermissibly punitive. See Zadvydas, 533 U.S. at 690; Demore, 538 U.S. at 532-33 (Kennedy, J., concurring).

39. Petitioner's detention is therefore unlawful, regardless of what statute might apply to purportedly authorize such detention.

## COUNT FIVE

### Violation of Administrative Procedure Act (5 U.S.C. § 706)

40. Petitioner is being detained without a bond hearing pursuant to the BIA's decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025).

41.. The BIA's decision in Matter of Hurtado is unlawful because it violates the Administrative Procedure Act, including because the BIA's decision is arbitrary, capricious, and contrary to law.

42. Petitioner's detention is therefore unlawful.

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

    (1) Assume jurisdiction over this matter;

    (2) Order that Petitioner shall not be transferred outside the District of Massachusetts;

    (3) Declare that Petitioner's detention is unlawful;

    (4) Order Petitioner's release on conditions the Court deems just and proper pending adjudication of this petition;

/s/ Kevin MacMurray  
Kevin MacMurray Esq.,  
MacMurray & Associates LLC  
Two Center Plaza  
Suite 605  
Boston MA 02108  
(617) 742 8161  
BBO# 558192  

DATED: 09-29-25

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, JOSE ARNULFO GUERRERO ORELLANA, and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 29 day of September , 2025.

/s/   Kevin MacMurray  
Kevin MacMurray

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document will be served on counsel for all parties through the Court's CM/ECF system.

Dated this 29 day of September , 2025.

/s/   Kevin MacMurray  
Kevin MacMurray