## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

—————————————————————

EDGAR FABRICIO AMAYA SANCHEZ,  )

        Petitioner,

v.

ANTONE MONIZ, Superintendent,
Plymouth County Correctional Facility;
DAVID WESLING, Acting Field Office
Director; TODD LYONS, Acting Director
U.S. Immigrations and Customs
Enforcement; KRISTI NOEM,
U.S. Secretary of Homeland Security;
PAMELA BONDI, Attorney General
of the U.S.; and SIRCE OWEN,
Acting Director, Executive Office
For Immigration Review,

        Respondents.

—————————————————————

Civil Action No. 1:25-CV-12806-AK

## MEMORANDUM AND ORDER ON
## PETITION FOR A WRIT OF HABEAS CORPUS

**ANGEL KELLEY, D.J.**

Petitioner Edgar Fabricio Amaya Sanchez ("Petitioner" or "Amaya Sanchez") brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition") challenging his immigration detention by U.S. Immigration and Customs Enforcement ("ICE") officers on September 29, 2025. [Dkt. 1]. Respondents oppose the Petition, while conceding that a prior ruling in dos Santos v. Noem, No. 1:25-CV-12052-JEK, 2025 WL 2370988 (D. Mass. Aug. 14, 2025), as well as other decisions, resolves the Petition in Petitioner's favor. [Dkt. 9]. For the reasons described below, the Petition is **GRANTED IN PART**.

## I. BACKGROUND

Petitioner was born in El Salvador and now resides in Massachusetts.  In July 2009, he entered the United States without inspection at the border.  Petitioner has lived in Lynn, Massachusetts for over seven years with his wife, daughter, sister-in-law, and his sister-in-law's husband.  Petitioner has no criminal record, aside from two violations for driving without a license over nine years ago.  On September 11, 2025, ICE officers encountered Petitioner during a vehicle stop in which Petitioner was a passenger.  ICE officers arrested Petitioner without a warrant.  Petitioner asserts he had no prior contact with ICE officers nor was he a target for an arrest prior to this incident.  Petitioner's request for a bond hearing was denied on September 25, 2025 by an immigration judge, asserting a lack of jurisdiction.  Petitioner is currently scheduled for a master calendar hearing before an immigration judge in Chelmsford on October 9, 2025.

Amaya Sanchez filed the instant Petition pursuant to 28 U.S.C. § 2241 on September 29, 2025 alleging the Respondents have violated his rights under 8 U.S.C. § 1226(a), the Due Process Clause of the Fifth Amendment, and the Administrative Procedures Act (8 U.S.C. § 706).  [Dkt. 1].  Among other relief, Petitioner requests the Court declare his detention unlawful and order his release.

## II. DISCUSSION

### A.  Statutory Framework

The detention of noncitizens pending removal proceedings is primarily governed by two relevant statutory provisions: 8 U.S.C. §§ 1225 and 1226.  Gomes v. Hyde, No. 1:25-CV-11571-JEK, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025).  Section 1225(b) applies primarily to "aliens seeking admission into the country."  Jennings v. Rodriguez, 583 U.S. 281, 289 (2018).  Applicants for admission who are not "clearly and beyond a doubt entitled to be

admitted . . . shall be detained" pending removal proceedings.  8 U.S.C. § 1225(b)(2)(a).  On the

other hand, Section 1226(a) governs the detention of aliens already present within the country.

Jennings, 583 U.S. at 846.  This distinction was recently addressed in Matter of Yajure Hurtado,

29 I. & N. Dec. 216 (B.I.A. 2025).  In that case, the BIA held, "Immigration Judges lack

authority to hear bond requests or to grant bond to aliens who are present in the United States

without admission" under Section 1225(b)(2)(A).  In other words, the BIA held that noncitizens

are subject to mandatory detention under Section 1225(b).

Virtually all courts in this Circuit and beyond that have addressed this issue have rejected

such an interpretation.[1]  These courts find that the cardinal principles of statutory interpretation,

read in conjunction with the recent Laken Riley Act, necessitate a conclusion that noncitizens are

subject to discretionary detention under Section 1226(a).  See Gomez, 2025 WL 1869299, at *7

("Sections 1225 and 1226, together with the structure of the larger statutory scheme, indicates

that Section 1225(b)(2) does not apply to noncitizens who are arrested on a warrant issued by the

Attorney General while residing in the United States.  Because [Petitioner] was arrested on such

a warrant and detained pursuant to Section 1226, he is subject to Section 1226(a)'s discretionary

---

[1] See Gomes v. Hyde, No. 1:25-CV-11571-JEK, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, No. CV 25-11613-BEM, 2025 WL 2084238 (D. Mass. July 24, 2025); dos Santos v. Noem, No. 1:25-CV-12052-JEK, 2025 WL 2370698 (D. Mass. Aug. 14, 2025); Romero v. Hyde, No. CV 25-11631-BEM, 2025 WL 2403827 (D. Mass. Aug. 19, 2025); Doe v. Moniz, No. 1:25-CV-12094-IT, 2025 WL 2576819 (D. Mass. Sept. 5, 2025); Sampiao v. Hyde, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025); Inlago Tocagon v. Moniz, No. 25-CV-12453-MJJ, 2025 WL 2778023 (D. Mass. Sept. 29, 2025); Romero-Nolasco v. McDonald, No. 25-CV-12492-MJJ, 2025 WL 2778036 (D. Mass. Sept. 29, 2025); Roscha v. Hyde, No. 25-CV-12584-ADB, 2025 WL 2807692 (D. Mass. Oct. 2, 2025); Escobar v. Hyde, No. 1:25-CV-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 2, 2025); see also Rodrigues De Oliveira v. Joyce, No. 2:25-CV-00291-LEW, 2025 WL 1826118 (D. Me. July 2, 2025); Rodriguez v. Bostock, 779 F. Supp. 3d 1239, 1260 (W.D. Wash. 2025); Lopez Benitez v. Francis, No. 25 CIV. 5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Lopez-Campos v. Raycraft, No. 2:25-CV-12486, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Jimenez v. FCI Berlin, Warden, No. 25-CV-326-LM-AJ, 2025 WL 2639390 (D.N.H. Sept. 8, 2025); Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503 (N.D. Cal. Sept. 12, 2025); Pablo Sequen v. Kaiser, No. 25-CV-06487-PCP, 2025 WL 2650637 (N.D. Cal. Sept. 16, 2025); Arce v. Trump, No. 8:25CV520, 2025 WL 2675934 (D. Neb. Sept. 18, 2025); Barrera v. Tindall, No. 3:25-CV-541-RGJ, 2025 WL 2690565 (W.D. Ky. Sept. 19, 2025); Chiliquinga Yumbillo v. Stamper, No. 2:25-CV-00479-SDN, 2025 WL 2688160 (D. Me. Sept. 19, 2025).

detention framework and, accordingly, is eligible for bond.  See 8 U.S.C. § 1226(a)(2)(A).").
The Court is unpersuaded that the widely-held conclusion regarding Section 1226's discretionary
detention requires further review from this Court.

### B.  The Respondents' Concession

Respondents acknowledge the overwhelming authority and concede that this Petition is
materially indistinguishable from dos Santos, which concluded a noncitizen arrested pursuant to
a warrant within the United States is subject to the discretionary detention framework under
Section 1226(a).  [Dkt. 9] ("Should the Court apply the reasoning of dos Santos, it would reach
the same result here.").  This Court accepts this concession and rejects the arguments made by
Respondents in dos Santos, which relies on the analysis in Matter of Yajure Hurtado, 29 I. & N.
Dec. at 220.  The Court finds the BIA's non-binding analysis in Matter of Yajure Hurtado to be
inconsistent with precedent and the tools of statutory interpretation that guide this Court.

### C.  Due Process

However, there is one loose end.  Section 1226(a) is applicable only when a noncitizen
has been arrested "[o]n a warrant."  8 U.S.C. § 1226(a).  In the present case, there is no
indication that Petitioner was arrested with an administrative warrant.  The parties do not brief
this issue, but "this Court is not so convinced the warrantless nature of the arrests is irrelevant, at
least not when it comes to continued detention."  Chogllo Chafla v. Scott, No. 2:25-CV-00437-
SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 22, 2025).  The warrant, which is "all but self-
executing, issued to ICE agents by ICE agents without a neutral third-party to review its
integrity" is necessary to effectuate an arrest under Section 1226(a).  Rodrigues De Oliveira v.
Joyce, No. 2:25-CV-00291-LEW, 2025 WL 1826118, at *4 (D. Me. July 2, 2025); see also
Chogllo Chafla, 2025 WL 2688541, at *12 ("Section 1226(a) is the proper discretionary

detention scheme to apply in [this case], but the Government has failed to comply with the requirements of arrest and detention under that statute by failing to secure a warrant."). On the other hand, an arrest under Section 1225(b)(2) does not require a warrant. Id.

The warrantless nature of this arrest is significant to the Petitioner's liberty interest as he continues to be detained. Thus, to the extent a warrant was not issued, detention is improper. As this Court has previously held, due process protections extend to all persons within the United States, including noncitizens. See Ercelik v. Hyde, No. 1:25-CV-11007-AK, 2025 WL 1361543, at *13 (D. Mass. May 8, 2025) (citing Wong Wing v. U.S., 163 U.S. 228).

## III.    CONCLUSION

For the foregoing reasons, Amaya Sanchez's Petition is **GRANTED IN PART**. The Respondents are **ORDERED** to transport Petitioner to his October 9, 2025 hearing before the immigration judge. The Respondents are further **ORDERED** to provide Petitioner with a bond hearing under Section 1226(a) within 7 days of this order. Respondents are **ENJOINED** from denying Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Respondents are **ORDERED** to file a status report within 5 days from the bond hearing stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

**SO ORDERED.**

Dated: October 8, 2025                                    /s/ Angel Kelley
                                                         Hon. Angel Kelley
                                                         United States District Judge